**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | |
|---|---|
| Scott J., | ) |
|       Plaintiff, | ) |
| | ) Case No.: 23-cv-50146 |
|       v. | ) |
| | ) Magistrate Judge Margaret J. Schneider |
| Frank Bisignano, | ) |
| Commissioner of Social Security, | ) |
|       Defendant. | ) |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Plaintiff, Scott J., seeks review of the final decision of the Commissioner of the Social Security Administration denying him disability benefits. For the reasons set forth below, the Court remands this matter for further proceedings consistent with this opinion.

**BACKGROUND**

**A. Procedural History**

On November 18, 2020, Scott J. ("Plaintiff") filed a Title II application for a period of disability and disability insurance benefits, alleging a disability beginning on October 30, 2020. R. 15. The Social Security Administration denied his application initially on August 26, 2021, and upon reconsideration on December 17, 2021. *Id*. Plaintiff filed a written request for a hearing and on June 7, 2022, a telephonic hearing was held by Administrative Law Judge ("ALJ") Jessica Inouye where Plaintiff appeared and testified. *Id*. Plaintiff was represented by counsel. *Id.* Patricia Murphy, an impartial vocational expert ("VE"), also appeared and testified. *Id*.

On August 2, 2022, the ALJ issued her written opinion denying Plaintiff's claims for disability and disability insurance benefits. R. 15-30. Plaintiff appealed the decision to the Appeals Council, and the Appeals Council denied Plaintiff's request for review. R. 1-6. Plaintiff now seeks judicial review of the ALJ's decision, which stands as the final decision of the Commissioner. *See* 42 U.S.C. § 405(g); *Schmidt v. Astrue*, 496 F.3d 833, 841 (7th Cir. 2007). The parties have consented to the jurisdiction of this Court. *See* 28 U.S.C. § 636(c); [7]. Now before the Court are Plaintiff's motion to reverse and remand the Commissioner's decision [22], the Commissioner's response brief [30], and Plaintiff's reply [31].

**B. The ALJ's Decision**

In her ruling, the ALJ applied the statutorily required five-step analysis to determine

whether Plaintiff was disabled under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of October 30, 2020. R. 17. At step two, the ALJ found that Plaintiff had the following severe impairments: degenerative disc disease of the cervical and lumbar spine, asthma and bipolar disorder. R. 17-18. The ALJ found that these impairments significantly limited Plaintiff's ability to perform basic work activities. *Id*. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1. R. 18-21.

Before step four, the ALJ found that Plaintiff had a residual functional capacity ("RFC") to perform light work but with the following exceptions: no climbing ladders, ropes or scaffolds; occasionally climbing ramps or stairs or perform postural activities; should work in an indoor temperature controlled work environment but exclude exposure to extreme pulmonary irritants and avoid work with unprotected heights or dangerous moving machinery; no work related driving tasks; is able to understand, remember and carry out simple work instructions; is able to sustain the necessary attention and concentration in two hour increments throughout the day to sustain simple job duties assuming typical workday breaks; can make simple work-related decisions; engage in typical supervisor interactions common with unskilled work, for example the supervisor or designee introduces the work tasks but then occasional work related interactions thereafter, occasional work with co-workers, no team or tandem work, no more than brief superficial occasional interaction with the general public (no customer service work); is able to deal with occasional changes in a routine work setting but no fast paced or strict production quotas; instead should have a moderate pace of work and can work with end of day work production goals. R. 21-28. At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. R. 28. At step five, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. R. 29. Therefore, the ALJ concluded that Plaintiff was not disabled under the Social Security Act at any time from October 30, 2020, through the date of decision, August 2, 2022. R. 30.

## STANDARD OF REVIEW

The reviewing court evaluates the ALJ's determination to establish whether it is supported by "substantial evidence," meaning "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moore v. Colvin*, 743 F.3d 1118, 1120-21 (7th Cir. 2014) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). While substantial evidence is "more than a mere scintilla, . . . the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (internal quotation marks and citation omitted). The substantial evidence standard is satisfied when the ALJ provides "an explanation for how the evidence leads to their conclusions that is sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford [the appellant] meaningful judicial review." *Warnell v. O'Malley*, 97 F.4th 1050, 1052 (7th Cir. 2024) (internal quotation marks and citation omitted). An ALJ "need not specifically address every piece of evidence but must provide a logical bridge between the evidence and [the] conclusions." *Bakke v. Kijakazi*, 62 F.4th 1061, 1066 (7th Cir. 2023) (internal quotation marks and citation omitted). *See also Warnell*, 97 F.4th at 1054.

The court will only reverse the decision of the ALJ "if the record compels a contrary result." *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021) (internal quotation marks and citation omitted). The court is obligated to "review the entire record, but [the court does] not replace the ALJ's judgment with [its] own by reconsidering facts, reweighing or resolving conflicts in the evidence, or deciding questions of credibility. . . . [The court's] review is limited also to the ALJ's rationales; [the court does] not uphold an ALJ's decision by giving it different ground to stand upon." *Jeske v. Saul*, 955 F.3d 583, 587 (7th Cir. 2020).

## DISCUSSION

Plaintiff argues that the ALJ erred by: (1) departing without explanation from the limitations suggested by the state agency consultants; (2) inadequately evaluating the medical opinion of Plaintiff's treating psychologist; and (3) inadequately evaluating the medical opinion of Plaintiff's treating orthopedist. The Court finds that the ALJ failed to adequately explain how her assessment of Plaintiff's residual functional capacity accounts for the limitations suggested by the state agency consultants. Accordingly, the Court remands the case for further proceedings consistent with this opinion.

A claimant's residual functional capacity (RFC) is the maximum a claimant can do despite his limitations. 20 C.F.R. § 404.1545(a); *see also* SSR 96-8p, 1996 WL 374184, at *2. When determining a claimant's RFC, an ALJ must consider all the relevant evidence including medical opinions. 20 C.F.R. § 404.1545(a). An ALJ must build "an accurate and logical bridge from the evidence to" the RFC. *Jarnutowski v. Kijakazi*, 48 F.4th 769, 777 (7th Cir. 2022). "Essentially, an ALJ's RFC analysis 'must say enough to enable review of whether the ALJ considered the totality of a claimant's limitations.'" *Id*. (quoting *Lothridge v. Saul*, 984 F.3d 1227, 1233 (7th Cir. 2021)).

The ALJ in this case thoroughly reviewed the medical record, Plaintiff's testimony, and the medical opinions of various medical professionals. R. 21-28. The ALJ found the opinions of the state agency consultants "generally persuasive" after concluding that they were "well supported and consistent with the longitudinal record." R. 27. The ALJ found the medical opinions of Plaintiff's treating psychologist, Dr. William Puga, "not persuasive" because they "contained a number of contradictions, [were] not well explained and not well supported by the medical evidence." R. 28. The ALJ found the medical opinion of Plaintiff's treating orthopedist, Dr. Jack Perlmutter, "not persuasive" because it was "not well supported" and "not consistent with the subsequent evidence." R. 27-28. The ALJ ultimately concluded that Plaintiff could perform light work with certain postural and mental limitations. *Id*. Among these limitations, the ALJ determined that Plaintiff "is able to sustain the necessary attention and concentration in two hour increments throughout the day to sustain simple job duties assuming typical workday breaks." *Id*.

Plaintiff argues that the ALJ failed to properly account for the state agency consultants' opinions, particularly their opinions that Plaintiff has moderate limitations in his "ability to maintain attention and concentration for extended periods," and in his "ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods." R. 94, 107. The ALJ found that the state agency consultants' opinions were "supported by detailed explanations, rationale, and analysis of the medical evidence of record." R. 27. Therefore, she

needed to account for their suggested limitations in her determination of Plaintiff's RFC. *Sharon B. v. Kijakazi*, No. 22-cv-50133, 2023 WL 3505267, at *4 (May 17, 2023). "Although the ALJ was not required to account for these limitations by adopting any particular RFC restriction, [the ALJ] was required to provide a narrative explanation of how the restrictions [she] did adopt accounted for these limitations." *Id*. (citing SSR 96-8p, 1996 WL 374184, at *7).

In this case, the ALJ provided no logical bridge between the consultants' opinions that Plaintiff has moderate limitations in concentration and her determination that Plaintiff can manage "normal breaks" of every two hours in the workday. *See Warren v. Colvin*, No. 12-cv-3298, 2013 WL 1196603, at *5 (N.D. Ill. March 22, 2013) ("[N]ormal breaks occur every two hours during a regular 8-hour workday."). The ALJ did not explain what evidence supported her conclusion that Plaintiff could sustain concentration for two-hour increments. R. 20. *Anthony T.R. v. Kijakazi*, 2023 WL 6311560, at *3 (N.D. Ill. Sept. 28, 2023) ("After including the 'two-hour increments' restriction in her actual RFC finding, the ALJ did not provide further discussion regarding this limitation anywhere in her decision."). The ALJ did note that Plaintiff's treating psychologist, Dr. Puga, opined that Plaintiff "has no concentration problems in two-hour increments and no breaks are needed due to mental health symptoms." R. 28, 1402. The Commissioner argues that the ALJ credited this portion of Dr. Puga's opinion and relied on it in determining Plaintiff's RFC. However, the ALJ found Dr. Puga's opinion "not persuasive" because his opinions "contain[ed] a number of contradictions, [were] not well explained and not well supported by the medical evidence." R. 28. One of the contradictions that the ALJ highlighted was the contradiction between Dr. Puga's opinion that Plaintiff "has no concentration problems" and his opinion that Plaintiff "would miss work 2 to 3 times per week." *Id*. If the ALJ did credit the part of Dr. Puga's opinion related to Plaintiff's ability to concentrate, the ALJ needed to explain why, given her determination that it contradicted another part of Dr. Puga's opinion. The ALJ did not provide any such explanation, nor did she explicitly credit that part of Dr. Puga's opinion. Instead, the ALJ generally concluded that "Dr. Puga's opinion is not persuasive" without exception. R. 28. Additionally, at step three, far from crediting Dr. Puga's opinion that Plaintiff "is able to consistently maintain attention," the ALJ concluded that Plaintiff has a moderate limitation in "concentrating, persisting, and maintaining pace." R. 20; *see Anthony T.R.*, 2023 WL 6311560, at *3 ("Specifically, the ALJ did not explain what evidence in the record supported her conclusion that [the plaintiff] could maintain attention and concentration for two hours at a time with the moderate [concentration] limitations she found in her Listing analysis at step three."). For all these reasons, the Court cannot determine that the ALJ relied on Dr. Puga's opinion as substantial evidence in support of the RFC determination without further explanation.

The Commissioner also argues that the ALJ's determination that Plaintiff could sustain necessary concentration in two-hour increments was consistent with the state agency consultants' opinions and points out that the ALJ specified that she intended to delineate Plaintiff's mental RFC "in more specific terms." R. 27. While breaks every two hours may accommodate Plaintiff's moderate limitations consistent with the state agency consultants' opinions, "in the absence of any explanation from the ALJ, the Court cannot assure itself that 'the ALJ considered the totality of Plaintiff's limitations.'" *Sharon B.*, 2023 WL 3505267, at *5 (quoting *Lothridge v. Saul*, 984 F.3d 1227, 1233 (7th Cir. 2021)). Remand is necessary for the ALJ to provide further explanation of her RFC assessment. The issue of an ALJ "imposing a two-hour restriction without a logical bridge, seems to be a recurring issue." *Pound v. Comm'r of Soc. Sec.*, No. 21-CV-451, 2022 WL

4

1771766, at *3 (N.D. Ind. June 1, 2022); *see also Anthony T.R.*, 2023 WL 6311560, at *3 (collecting cases). In remanding, the Court "is not concluding that the facts of Plaintiff's case compel a finding of greater functional loss, merely that the ALJ has not enabled the Court to assess the validity" of her reasoning as to Plaintiff's ability to sustain necessary concentration through the workday with normal breaks. *Sharon B.*, 2023 WL 3505267, at *5.

Plaintiff raised other arguments, but further analysis of these issues is not necessary because they would not change the result here and can be addressed more fully on remand. Plaintiff should raise all arguments regarding any other alleged errors by the ALJ on remand.

## CONCLUSION

For the reasons stated above, Plaintiff's motion to reverse or remand the Commissioner's decision [22] is granted. This matter is remanded for further proceedings consistent with this opinion.

Date: July 18, 2025

ENTER:

*Margaret J. Schneider*
United States Magistrate Judge

5